UNITED STATES of America,
Plaintiff–Appellee,

v.

Samuel VALLE–RODRIGUEZ,
Defendant–Appellant.

No. 14–1318.

United States Court of Appeals,
Tenth Circuit.

Jan. 27, 2015.

Leon Schydlower, El Paso, TX, for Defendant–Appellant.

Before LUCERO, EBEL, and HARTZ, Circuit Judges.

### ORDER AND JUDGMENT*

PER CURIAM.

Samuel Valle–Rodriguez has appealed from his 28–month sentence for illegally reentering the country after being deported following an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2). His response to the government's motion to enforce an appeal waiver shows that he wishes to raise only one issue on appeal—whether his counsel was ineffective in failing to object to a 12–level enhancement based on his prior conviction.

In nearly all cases, however, ineffective-assistance claims should be raised in collateral proceedings under 28 U.S.C. § 2255. *See United States v. Galloway,* 56 F.3d 1239, 1240 (10th Cir.1995) (en banc). "Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." *Id.* "[T]his court has considered ineffective assistance of counsel claims on direct appeal in limited circumstances, but only where the issue was raised before and ruled upon by the district court *and* a sufficient factual record exists." *United States v. Flood,* 635 F.3d 1255, 1260 (10th Cir.2011). Mr. Valle–Rodriguez has not shown that either of these conditions is satisfied.

Because the filings before the court make it apparent that this appeal involves

---

* This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding prece-dent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

828

only a claim of ineffective assistance of counsel that should be pursued under § 2255, we dismiss the appeal without prejudice. The motion to enforce the plea agreement is denied as moot.